UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, *as trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RP1,*

Plaintiff,

v.

DARREL J. BARNES, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, and JOHN DOE #1 THROUGH JOHN DOE #12, *the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint*,

Defendants.

———————————————————————

**DECISION AND ORDER**

6:25-CV-06218 EAW

## <u>INTRODUCTION</u>

Plaintiff U.S. Bank Trust Company, National Association ("Plaintiff") commenced this action on April 22, 2025, pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL"), to foreclose a mortgage encumbering 11403 Sanderson Road, Medina, New York 14103; Section 90.16, Block 1, Lot 28 in the County of Orleans,

- 1 -

and State of New York (the "Property"). (Dkt. 1 at ¶ 1). Defendant Darrel J. Barnes ("Defendant Barnes") is the obligor on the note and mortgage at issue and has not appeared in this action. (*Id.* at ¶¶ 3-4; *see* Dkt. 10-8).[1] Currently before the Court is Plaintiff's motion for default judgment and for foreclosure and sale of the Property. (Dkt. 10). For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff initiated this action by filing a complaint on April 22, 2025. (Dkt. 1). The following facts are taken from Plaintiff's complaint, and all well-pleaded allegations are accepted as true. *See Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability. . . ." (citation omitted)).

---

[1]     Plaintiff also named New York State Department of Taxation and Finance as a defendant due to its status as a necessary party by virtue of a subordinate lien on the Property and "JOHN DOE #1 through JOHN DOE #12" as unknown parties having or claiming an interest in or lien upon the Property as defendants. (Dkt. 1 at ¶¶ 4-5). Defendant New York State Department of Taxation and Finance also has not appeared and is in default. (Dkt. 7). Plaintiff states that any John Doe defendants were never identified and requests to remove the John Doe defendants from the caption. (Dkt. 10-3 at 11; Dkt. 10-2 at ¶¶ 21-22). As Plaintiff has not provided any information identifying any John Doe or interest or lien purportedly held by a John Doe, the Court dismisses the John Doe defendants from this action without prejudice. *See CIT Bank, N.A. v. Paganos*, No. 14CIV3987CBAVMS, 2015 WL 13731361, at *3 n.6 (E.D.N.Y. Sept. 25, 2015) ("As Plaintiff has taken no further action to identify John Doe or any liens purportedly held by John Doe, this Court respectfully recommends that the claims as to John Doe be dismissed."), *report and recommendation adopted as modified*, No. 14CV3987CBAVMS, 2016 WL 3945343 (E.D.N.Y. July 19, 2016).

On September 6, 2005, Defendant Barnes executed a promissory note under which he promised to pay the sum of $70,000.00 plus interest on the unpaid principal in monthly installments (the "Note"). (Dkt. 1 at ¶ 9; Dkt. 1-3). As security for the repayment of the Note, the parties executed a mortgage encumbering the Property (the "Mortgage"), which was recorded in Orleans County on September 15, 2005. (Dkt. 1 at ¶ 9; Dkt. 1-4). On or about November 17, 2015, the loan was modified by a Home Affordable Modification Agreement, whereby the new principal balance owned on the Note was increased to $94,457.09. (Dkt. 1 at ¶ 10; Dkt. 1-6). The Mortgage was assigned to Plaintiff on September 10, 2024, and Plaintiff is the current owner and holder of the Note and Mortgage. (Dkt. 1 at ¶¶ 9, 12; Dkt. 1-5). Defendant Barnes defaulted on his obligations under the Note by failing to make the monthly repayments beginning on March 1, 2024. (Dkt. 1 at ¶ 13). Plaintiff claims that Defendant Barnes owes $73,677.42 in principal plus accrued interest, in addition to fees and costs.[2] (*Id.* at ¶ 19). Plaintiff alleges that it complied with the notice provisions of RPAPL §§ 1304 and 1306. (*Id.* at ¶ 16).

---

[2] Although the unpaid principal is below the jurisdictional limit of $75,000, Plaintiff also seeks to recover "accrued and unpaid interest, late charges and other fees and costs" permitted by the Note and Mortgage. (Dkt. 1 at ¶ 19; Dkt. 10-3 at 12). In addition to the $73,677.42 in outstanding principal, Plaintiff seeks $2,215.37 in accrued interest, $8,953.32 in outstanding escrow, and $6,800.00 in attorneys' fees, plus other costs, for a total amount of $93,072.01. (Dkt. 10-4).

While 28 U.S.C. § 1332 requires the jurisdictional amount in controversy to be exclusive of interest and costs, where "interest is owed as part of an underlying contractual obligation, unpaid interest becomes part of the principal for jurisdictional purposes." *Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 461 (2d Cir. 1994). Similarly, "[a] potential award of attorneys' fees may be considered by the court in determining whether a case involves the jurisdictional minimum" so long as the attorneys' fees "are reasonable and are provided for by contract or state statute." *Graubart v. Jazz Images, Inc.*, No. 02-CV-4645 (KMK), 2006 WL 1140724, at *5 (S.D.N.Y. Apr. 27, 2006) (citation

On May 3, 2025, Plaintiff served the summons and complaint, together with a RPAPL § 1303 notice on Defendant Barnes.  (Dkt. 4).  On May 7, 2025, Plaintiff also served the summons and complaint on the New York State Department of Taxation and Finance.  (Dkt. 5).  Defendants' answers were due on or before May 27, 2025, and May 28, 2025, respectively (Dkt. 4; Dkt. 5), but neither defendant responded.  On May 30, 2025, Plaintiff requested that the Clerk of Court enter default against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  (Dkt. 6).  The Clerk of Court entered default three days later.  (Dkt. 7).

Plaintiff thereafter filed a motion for default judgment and for foreclosure and sale of the Property.  (Dkt. 10).  The Court issued a scheduling order requiring Defendants to file any papers in opposition to Plaintiff's motion by March 13, 2026.  (Dkt. 11).  As directed by the Court, Plaintiff served the scheduling order and Plaintiff's motion papers on Defendants.  (Dkt. 12).

Plaintiff then filed a second affidavit of service stating that the summons, complaint and RPAPL § 1303 notice were again served on Defendant Barnes on March 25, 2026.  (Dkt. 13).  After reviewing Plaintiff's motion papers, the Court entered a Text Order on June 17, 2026, noting that Plaintiff had not demonstrated compliance with the special

---

omitted).  The Note, Mortgage, and Home Affordable Modification Agreement expressly provide for the payment of interest.  (Dkt. 10-7 at 2; Dkt. 10-8 at 4, 6, 28).  The Mortgage also permits Plaintiff to seek costs, including attorneys' fees, incurred in the event of default to protect its rights in the Property.  (Dkt. 10-8 at 11, 14).  The Home Affordable Modification agreement requires Plaintiff to pay the escrow funds upon notice. (*Id.* at 29).  The Court therefore considers the interest, requested attorneys' fees, and outstanding escrow balance in concluding that the jurisdictional amount in controversy has been met.

summons requirement set forth at RPAPL § 1320 and requested Plaintiff address this deficiency in a supplemental submission. (Dkt. 14). Plaintiff then filed a third affidavit of service stating that Defendant Barnes was served with the summons, complaint, RPAPL § 1303 notice and RPAPL § 1320 special summons, (Dkt. 15), and a supplemental submission regarding RPAPL § 1320 (Dkt. 16).[3]  Defendants have not answered or otherwise appeared in this action.

## DISCUSSION

### I.    Legal Standard

Federal Rule of Civil Procedure 55 sets forth the procedural steps required for a default judgment. First, a plaintiff must seek the Clerk of Court's entry of default where a party against whom it seeks affirmative relief has failed to plead or defend in the action. Fed. R. Civ. P. 55(a). Plaintiff has already obtained the Clerk's entry of default as to Defendants. (Dkt. 7). "Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

"In determining whether a default judgment should enter, courts have cautioned that a default judgment is an extreme remedy that should only be granted as a last resort." *La*

---

[3]    Plaintiff appears to take the position that the second service of process on Defendant Barnes contained the § 1320 special summons, but that any mention of the special summons was omitted from  the affidavit of service filed with the Court because it is not the "usual custom and practice to note service of the § 1320 notice" in the affirmations used by Plaintiff's process server. (*See* Dkt. 16 at ¶¶ 14-15). Indeed, the third affidavit of service, filed on June 26, 2026 (Dkt. 15), states that service was performed at the exact same time and date as the second affidavit of service filed on April 1, 2026 (Dkt. 13), but also mentions that "additional notice requirements in accordance with [RPAPL § 1320]" were also served.

*Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 347 (E.D.N.Y. 2009).  In light of the Second Circuit's "'strong preference for resolving disputes on the merits,' and because 'a default judgment is the most severe sanction which the court may apply,'" the Second Circuit has "characterized a district court's discretion in proceeding under Rule 55 as 'circumscribed.'"  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (first quoting *Green*, 420 F.3d at 104; then quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993)).  "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party."  *Enron Oil Corp.*, 10 F.3d at 96.  Ultimately, "[t]he decision whether to enter default judgment is committed to the district court's discretion."  *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015).

## II.    Mortgage Foreclosure

"In a mortgage foreclosure action under New York law, a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt."  *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012); *see also Ditech Fin. LLC v. Sterly*, No. 5:15-CV-1455(MAD/TWD), 2016 WL 7429439, at *4 (N.D.N.Y. Dec. 23, 2016); *OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 44 (N.D.N.Y. 2015).

Article 13 of the RPAPL also sets forth various procedural requirements in a mortgage foreclosure action.  *See Sterly*, 2016 WL 7429439, at *4; *Conklin*, 310 F.R.D. at 32.  For example, § 1303 requires the foreclosing party to serve a mortgagor with the specific notice entitled "Help for Homeowners in Foreclosure," as set out in that statute,

- 6 -

along with the summons and complaint, before commencing a foreclosure action. RPAPL § 1303. Section 1304 requires the mortgage loan servicer to serve the borrower with a notice entitled "You Could Lose Your Home to Foreclosure," at least 90 days before commencing an action. *Id.* § 1304. Section 1306 requires a lender to file certain information with the Superintendent of the New York State Department of Financial Services, within three days of mailing the pre-litigation notice required under § 1304. *Id.* § 1306. Section 1320 sets forth a "special summons requirement in private residence cases" that applies in an action to foreclose a mortgage on a residential property containing not more than three units. *Id.* § 1320.

> Section 1331 requires the filing of a notice of pendency and states as follows:
>
> The plaintiff, at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action, which shall specify, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording.

*Id.* § 1331. A copy of the complaint must be filed with the notice of pendency, unless the complaint has already been filed in that county. C.P.L.R. § 6511(a).

Based on the record before the Court, Plaintiff has established the common law elements of a foreclosure action. (Dkt. 10-8 (Mortgage); Dkt. 10-7 (Note); Dkt. 10-10 (default)). Plaintiff also adhered to the procedural requirements of the RPAPL. Plaintiff has complied with § 1304 by serving the pre-litigation notice at least 90 days before commencing this action (Dkt. 10-11; Dkt. 10-2 at ¶ 8), and with § 1306 by filing with the Superintendent of the New York State Department of Financial Services the information required under that statute (Dkt. 10-11 at 55; Dkt. 10-2 at ¶ 8). Plaintiff also served the

RPAPL § 1303 notice and § 1320 special summons on Defendant Barnes. (Dkt. 4; Dkt. 15).[4] Further, Plaintiff complied with RPAPL § 1331 and CPLR § 6511(a) by filing a notice of pendency in the Orleans County Clerk's Office with a copy of the complaint on April 11, 2025. (Dkt. 10-14; Dkt. 10-2 at ¶ 12). Accordingly, the Court concludes that Plaintiff has satisfied the *prima facie* requirements for this foreclosure action.

## III.     Default Damages

Plaintiff also requests damages arising under the terms of the Note and Mortgage. "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of

---

[4]     In Plaintiff's supplemental submissions, it argues that the failure to serve a RPAPL § 1320 special summons defense is waived if a defendant is in default. (Dkt. 16 at ¶ 9). The Court disagrees as the caselaw is clear that compliance with § 1320 is required. *See, e.g.*, *PHH Mortg. Corp. v. Razionale*, No. 25 CIV. 3029 (AT), 2026 WL 412089, at *1 (S.D.N.Y. Feb. 13, 2026) ("[Section] 1320 compliance is required for Plaintiff to establish its entitlement to relief under New York law, which governs this action."); *Avail 1 LLC v. Lemme*, No. 1:23-CV-1527 (BKS/CFH), 2024 WL 4566273, at *4 (N.D.N.Y. Oct. 24, 2024) ("Plaintiff's motion for default judgment is denied without prejudice to renewal. Any renewed motion for default judgment must demonstrate how Plaintiff has complied with . . . Section 1320[.]"); *Freedom Mortg. Corp. v. Thomas*, 736 F. Supp. 3d 163, 166 (W.D.N.Y. 2024) ("Compliance with RPAPL Section 1320 is a mandatory requirement in mortgage foreclosure actions." (citation omitted)); *United States v. Lancor*, No. 519CV00936BKSTWD, 2021 WL 4942083, at *3 (N.D.N.Y. Oct. 22, 2021) (noting RPAPL § 1320 one of the "mandatory conditions precedent" in a foreclosure action and denying the plaintiff's motion for default judgment for failing to comply with that provision). But as noted above, the third affidavit of service of process on Defendant Barnes indicates that the § 1320 special summons was served. (Dkt. 15).

detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 234.  "[A] court must ensure that there is an adequate basis for the damages sought by a plaintiff before entering judgment in the amount demanded." *Ditech Fin. LLC v. Singh*, No. 15-CV-7078 (FB) (SMG), 2017 WL 4271655, at *4 (E.D.N.Y. Sept. 6, 2017), *report and recommendation adopted*, 2017 WL 4233023 (E.D.N.Y. Sept. 22, 2017).  "A plaintiff's statement as to the amount of damages alone does not provide the requisite reasonable certainty." *RGI Brands LLC v. Cognac Brisset-Aurige, S.a.r.l.*, No. 12 CIV. 1369 LGS AJP, 2013 WL 1668206, at *6 (S.D.N.Y. Apr. 18, 2013), *report and recommendation adopted*, No. 12 CIV. 01369 LGS, 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013).

Plaintiff seeks to recover a total of $85,612.01, comprised of unpaid principal of $40,786.03, deferred principal of $32,891.39 ($73,677.42 total), accrued interest at a rate of 4.225% from February 1, 2024, to May 14, 2025, in the amount of $2,215.37, an escrow amount of $8,953.32, late charges in the amount of $23.40, and $742.50 in additional costs. (Dkt. 10-2 at ¶ 16; Dkt. 10-5 at ¶ 16).  Plaintiff submits an affidavit from the Contract Management Coordinator of Plaintiff's loan servicer, Juliana Thurab, to support these claimed amounts. (Dkt. 10-5).  Ms. Thurab swears to the accuracy of these amounts and provides account records to support the claimed amounts. (*Id.* at ¶ 16; Dkt. 10-21).

The account records indicate a total outstanding principal amount of $73,677.42 (Dkt. 10-21 at 2); unpaid total interest of $2,215.37 as of May 14, 2025 (*id.*); an escrow advance amount of $8,953.32 (*id.*), late fees totaling $23.40 (*id.*); and a ledger supporting the $742.50 in additional costs, comprised of property inspection fees, a property appraisal

fee, and title search expenses (*id.* at 5-6).   Altogether, the submitted material supports Plaintiff's claim for $85,612.01 and a hearing on damages is unnecessary.   *See Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Richmond Cnty. Pub. Adm'r*, 768 F. Supp. 3d 488, 497 (E.D.N.Y. 2025) ("A hearing is unnecessary where the record contains a detailed affidavit and documentary evidence permitting the Court to evaluate the proposed sum and determine an award of damages."); *Wells Fargo Bank, N.A. v. Landi*, No. 13-CV-5822 (RRM) (JO), 2015 WL 5655810, at *5 (E.D.N.Y. Aug. 14, 2015) (finding that "[t]he record, including the payment history of the loan, supports the request" for unpaid principal owed on the loan), *report and recommendation adopted*, 2015 WL 5657358 (E.D.N.Y. Sept. 22, 2015).

Thus, the Court concludes that Plaintiff has established a *prima facie* case for foreclosure and is entitled to the requested damages sought.   The proceeds of the sale of the Property shall be applied against the amounts owed to Plaintiff.   Plaintiff requests the Court appoint a referee to facilitate the foreclosure sale of the Property.   (Dkt. 10-2 at 7). "Courts in this Circuit have permitted such appointments where the plaintiff 'established a *prima facie* case by presenting a note, a mortgage, and proof of default.'"   *Cit Bank v. Dambra*, No. 14CIV3951SLTVMS, 2015 WL 7422348, at *7 (E.D.N.Y. Sept. 25, 2015) (quoting *E. Sav. Bank, FSB v. Evancie*, No. 13-CV-00878 ADS WDW, 2014 WL 1515643, at *4 (E.D.N.Y. Apr. 18, 2014)), *report and recommendation adopted sub nom. CIT Bank, N.A. v. Dambra*, No. 14CV3951SLTVMS, 2015 WL 7430006 (E.D.N.Y. Nov. 20, 2015). As Plaintiff has met its *prima facie* burden, the Court will appoint a referee to facilitate the sale of the Property.

**IV.**   <u>**Costs and Attorneys' Fees**</u>

Plaintiff also requests an award of costs and attorneys' fees.  (Dkt. 10-3 at 20-21; Dkt. 10-2 at ¶ 17).  For the following reasons, the Court will award Plaintiff's costs but denies the request for attorneys' fees without prejudice.

Section 22 of the Mortgage provides that the lender has the "right to collect all costs and disbursements [and] . . . reasonable attorneys' fees" in the event the borrower defaults and the lender brings an action for foreclosure and sale. (Dkt. 10-8 at 16).  Regarding costs, "[c]ourts typically award 'those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients.'" *OneWest Bank, N.A. v. Denham*, No. CV 14-5529 DRH AKT, 2015 WL 5562980, at *13 (E.D.N.Y. Aug. 31, 2015) (quoting *Reichman v. Bonsignore, Brignati & Mazzotta, P.C.*, 818 F.2d 278, 283 (2d Cir. 1987)), *report and recommendation adopted*, No. 14 CV 5529 DRH AKT, 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015).  Plaintiff seeks to recover $660.00 in costs, comprised of the $405.00 filing fee initiating the action, the $35.00 fee to file the notice of pendency, and $220.00 in fees related to service of process. (Dkt. 10-2 at ¶ 17; Dkt. 10-18 at 6-7).  Plaintiff has provided documentary support and receipts supporting these costs. (Dkt. 10-18).  The Court therefore awards Plaintiff the $660.00 in costs.

But Plaintiff has not provided sufficient support demonstrating entitlement to attorneys' fees.  Although the Mortgage permits Plaintiff to recover reasonable attorneys' fees in the event of a foreclosure action, Plaintiff is still required to comply with the rules of this circuit for such an award to be appropriate.

"The law in this circuit is that no award for attorneys' fees is appropriate where the attorney failed to maintain contemporaneous time records." *Kottwitz v. Colvin*, 114 F. Supp. 3d 145, 150 (S.D.N.Y. 2015) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)).  This is "a strict rule from which attorneys may deviate only in the rarest of cases." *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010).  "A fee application must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates on which the work was performed." *Evancie*, 2014 WL 1515643, at *4 (citing *Cruz v. Loc. Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160-61 (2d Cir. 1994)).  "Generally, 'courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done.'" *Nationstar Mortg. LLC v. Nedza*, 315 F. Supp. 3d 707, 713 (W.D.N.Y. 2018)

Plaintiff seeks $6,800 in attorneys' fees based on a "flat fee" charged in connection with the foreclosure action and submitted an attorney declaration of Eric Sheildlower in support of the application.  (Dkt. 10-20 at ¶ 5; Dkt. 10-2 at ¶ 17).  The declaration lists the tasks performed in this case, the number of estimated hours spent by Plaintiff's law firm to perform each task, and provides Mr. Sheildlower's "average hourly rate" of $330.00.  (Dkt. 10-20 at ¶¶ 4-6).  The declaration is defective for several reasons.  The declaration does not identify who performed the specific tasks and only states that the listed services were "rendered by this firm."  (*Id.* at ¶ 4).  While Mr. Sheildlower's declaration provides his

experience with foreclosure actions (*id.* at ¶ 7), the declaration does not identify whether Mr. Sheildlower, another attorney, or a paralegal performed the legal work, and the Court therefore cannot assess whether the $330 hourly rate is reasonable.  Furthermore, there is no indication when the listed tasks were performed, and the list includes tasks that have not yet been performed.  (*Id.* at ¶ 4).  It is not possible for the Court to assess whether the times reflected in the declaration are reasonable estimates or just complete guesses as to the time incurred.  (*See id*. at ¶ 5 ("the above timeframes are averages based on volume as the firm is paid by the client a flat fee of $6,800.00[.]")).

The Court recognizes that some courts have permitted an award of fees based on flat fee arrangements at discounted rates even in the absence of contemporaneous time records.  *Freedom Mortg. Corp. v. D'Amato*, No. 22CV07804HGSJB, 2024 WL 662486, at *2 (E.D.N.Y. Feb. 17, 2024).  But this Court declines to do so here, particularly since it is unclear why the task of keeping contemporaneous time records could not have been accomplished even with a flat fee arrangement and the questions set forth above as to the accuracy of Plaintiff's submission.  Thus, for these reasons, Plaintiff's application for attorneys' fees is denied.  *See, e.g.*, *U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Gustafson*, No. 117CV0358MADDJS, 2018 WL 11631810, at *3 (N.D.N.Y. June 4, 2018) (denying fee application based on flat fee arrangement where "the fee declaration . . . include[d] other practices that [Plaintiff's counsel] has repeatedly been reprimanded for, such as failing to identify the attorneys who performed the described work; not noting when the work was actually performed; and prospectively billing for work that has not yet been performed.").  But the Court will deny the request for attorneys' fees

without prejudice to renewal upon a new application that appropriately addresses these concerns made within 14 days of entry of this Decision and Order.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment and for foreclosure and sale of the Property (Dkt. 10) is granted in part and denied in part. The John Doe defendants are dismissed without prejudice. Plaintiff is awarded $660.00 in costs. Attorneys' fees are denied without prejudice. Plaintiff may also file a renewed request for attorneys' fees within 14 days of this Decision and Order. Plaintiff is directed to serve a copy of this Decision and Order on Defendant Barnes and Defendant New York State Department of Taxation and Finance at their last known addresses and shall file proof of service of the same within seven (7) days of the date of this Decision and Order.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:       August 3, 2026
             Rochester, New York

- 14 -